UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                  RESPONDENT

vs.                              Criminal No. 2:00-cr-20015
                                 Civil No. 2:20-cv-02141

ROY ADRIN HOGGARD, II                                                                          MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Roy Adrin Hoggard, II ("Hoggard") who is proceeding *pro se*. On August 14, 2020, Hoggard filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 96. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 101. Hoggard filed a reply. ECF No. 102. This matter is now ripe for consideration.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion, the response, and the reply; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.     Procedural Background[1]:**

On March 21, 2000, Hoggard was charged in a ten-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. With this Indictment, Hoggard was charged along with his wife as co-defendant with ten counts of producing child pornography by a parent or person having custody or control of a minor, in violation of 18 U.S.C. § 2251(b). *Id.*

---

[1] The "Procedural Background" is taken from the pleadings and publicly-filed documents in this case.

Thereafter, Hoggard alone was charged with violating 18 U.S.C. § 2251(b) in an eight-count Superseding Indictment returned on August 16, 2000. ECF No. 38.

On October 31, 2000, Hoggard proceeded to a jury trial on the Superseding Indictment. ECF No. 78. He was convicted on all eight counts. ECF No. 80. He was sentenced to a term of imprisonment of 360 months followed by three years of supervised release. ECF No. 86. He was fined $8,000.00 and ordered to pay a $800.00 special assessment. *Id.* He appealed, and the Eighth Circuit Court of Appeals affirmed. *See United States v. Hoggard,* 254 F.3d 744 (8th Cir. 2001).

After he was sentenced in federal court in January of 2001, Hoggard was returned to the custody of the State of Arkansas. He was tried and convicted by a jury in Sebastian County Circuit Court with rape, pandering or possessing visual or print medium depicting sexually explicit conduct involving a child, and possession of methamphetamine. *See State of Arkansas v. Roy Hoggard II,* 2001 WL 1507354 (Nov. 28, 2001). Hoggard was sentenced to serve a total of 32 years' imprisonment in the Arkansas Department of Correction ("ADC"). He has been incarcerated since February 1, 2001. Hoggard's projected release date from ADC is January 14, 2021. It is anticipated Hoggard will be transferred to federal custody to begin serving his federal sentence upon release from ADC.

On August 14, 2020, Hoggard filed a *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 96. The Government responded to this Motion on September 9, 2020. ECF No. 101. In this response, the Government claims Hoggard's Motion is barred because it was untimely filed. *Id.* Accordingly, the Government claims Hoggard's Motion must be dismissed. *Id.*

**2.** **Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255.

*See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.** **Discussion**:

The Government claims Hoggard's Motion should be dismissed because it was untimely filed. Upon review, the Court agrees with the Government and finds Hoggard's Motion should be dismissed because it was untimely filed.

**A.    One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

In the present action, Hoggard's conviction was affirmed by the Eighth Circuit in an opinion issued on June 22, 2001. *See United States v. Hoggard,* 254 F.3d 744 (8th Cir. 2001). Hoggard did not file a petition for a write of *certiorari* with the United States Supreme Court. When a party seeking to challenge his sentence under § 2255 does not file a petition for a writ of certiorari with the Supreme Court as part of his direct appeal, the conviction becomes final when the time for filing a petition for *certiorari*, 90 days, expires. *See Clay v. United States,* 537 U.S.

522, 527 (2003) (recognizing "[t]he time to file a petition for a writ of *certiorari* runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

Accordingly, Hoggard's conviction was final on September 20, 2001, which was 90 days from the issuance of the Eighth Circuit's opinion. Hoggard had until September 20, 2002 to file his Motion for relief. In the present action, Hoggard waited until August 14, 2020 to file this Motion. ECF No. 96. This was well beyond the statute of limitations. Thus, it was untimely filed. Accordingly, unless an exception to this statute of limitations applies, the Court lacks jurisdiction to consider the merits of his claims.

### B.   Tolling of the Statute of Limitations

Hoggard's claims are barred by the limitations period unless he can establish the period was tolled. The Eighth Circuit Court of Appeals has found the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions but only where there are exceptional circumstances, such as the following: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep the movant from filing in a timely fashion; or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct. *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his or her actions. *Id.* The movant has the burden of establishing that equitable tolling should apply. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2015) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine).

Here, Hoggard has not demonstrated equitable tolling should apply in his case. Notably, he has not shown that any extraordinary and wholly external circumstances prevented him from

seeking federal *habeas* relief in a timely manner. Hoggard's only justification for his delay is that he was in state custody serving a state sentence. This Court, however, has acknowledged that, "[i]t is clear that a prisoner in state custody with an undischarged federal sentence may utilize § 2255 to attack the federal sentence." *United States v. Fegans,* 2008 WL 447504, at *6 (W.D. Ark. Feb. 14, 2008) (*citing Jackson v. United States,* 423 F.2d 1146, 1149 (8th Cir. 1970)).

Hoggard also claims his counsel and others were ineffective in advising him regarding the timing of a § 2255 motion. ECF No. 102. Apart from his bare claim on this issue, however, Hoggard has not demonstrated he is entitled to this equitable relief. Thus, this delay is not excused by Hoggard's claim that his counsel or others were ineffective in advising him regarding this § 2255 motion. Therefore, AEDPA's one-year statute of limitation applies in this case, and Hoggard's § 2255 Motion is untimely and should be dismissed.

**4.    Conclusion**:

Hoggard's Motion is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file his 28 U.S.C. § 2255 Motion by September 20, 2002. Here, Hoggard waited until August 14, 2020 to file his 28 U.S.C. § 2255 Motion. Thus, this Court has no jurisdiction over this Motion.

**5.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 96) be **DENIED** and dismissed with prejudice.[2] The Court further recommends no Certificate of Appealability issue in this matter.

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  **See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **12th day of November 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE